**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Boe & Associates, LLC,
a Minnesota corporation,

Plaintiff,

v.

Leapfrog Enterprises, Inc.,
a Delaware corporation, f/k/a
Leapfrog, LLC,

Defendant.

Case No. 01-CV-2218 (JRT/FLN)

**STIPULATION FOR TRANSFER OF VENUE TO U.S. DISTRICT COURT FOR NORTHERN DISTRICT OF CALIFORNIA**

---

**GROSS & BELSKY LLP**
Terry Gross
Adam C. Belsky
One Maritime Plaza, Suite 1040
San Francisco, CA 94111
(415) 544-0200

**MANSFIELD, TANICK & COHEN, P.A.**

Marshall H. Tanick (108303)
Teresa J. Ayling
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3383
(612) 339-4295

**ATTORNEYS FOR DEFENDANT LEAPFROG ENTERPRISES**

**BIERSDORF & ASSOCIATES, P.A.**
Dan Biersdorf
E. Kelly Keady
4100 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 339-7242

**ATTORNEYS FOR PLAINTIFF BOE AND ASSOCIATES, LLC**

M... 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

WHEREAS, defendant Leapfrog Enterprises, Inc. ("Leapfrog") has filed a motion to dismiss this action for lack of federal subject matter jurisdiction or, in the alternative to dismiss or transfer this action for lack of venue (the "Motion");

WHEREAS, Leapfrog's motion to dismiss for lack of subject matter jurisdiction is based on its contention that the parties executed a revised Sales Representative Agreement in 1998 (the "Revised Agreement," attached as Exhibit B to the Declaration of Tim Bender submitted in support of the Motion), while plaintiff Boe and Associates, LLC ("Boe") contends that the Revised Agreement was never executed and that the parties' original Sales Representative Agreement entered into in 1995 (the "Original Agreement," attached as Exhibit A to the Declaration of Tim Bender submitted in support of the Motion) is controlling;

WHEREAS, the parties have fully briefed the Motion, and the Motion is currently pending before the Court, but has not yet been scheduled for hearing; and

WHEREAS, by this Stipulation, Boe has agreed that venue in this action should be transferred to the Northern District of California;

NOW, THEREFORE, Leapfrog and Boe, through their undersigned counsel, hereby stipulate and agree as follows:

1. This action shall be transferred to the U.S. District Court for the Northern District of California for all further proceedings.

2. Leapfrog agrees to withdraw its motion to dismiss for lack of subject

matter jurisdiction without prejudice to Leapfrog refilling a motion to dismiss for lack of subject matter jurisdiction pursuant to the understanding between the parties set forth in the following paragraph.

3. Following transfer of this action to the Northern District of California, the parties will request an initial case management conference at the earliest available date convenient to the parties to authorize the following procedure:

a. The parties will expeditiously conduct initial discovery, including, but not limited to, depositions at times convenient to the parties, on the issue of the amount in controversy between the parties, including, but not limited to, all matters relating to the disputed contracts but specifically excluding any discovery concerning Leapfrog sales and shipments after June 30, 2000;

b. Following completion of this initial discovery relating to the amount in controversy, Leapfrog may refile a motion to dismiss for lack of subject matter jurisdiction;

c. The parties will jointly request that the Court, in ruling on the motion to dismiss for lack of subject matter jurisdiction, determine disputed factual issues relating to the motion, including in particular whether the Original Agreement or the Revised Agreement controls the relationship between the parties, and hold an evidentiary hearing on these issues if the Court determines such a hearing is necessary;

d. In the event the Court conducts an evidentiary hearing as part of its resolution of Leapfrog's motion to dismiss and finds that the Revised Agreement does not control between the parties, the parties agree that the amount of commissions in dispute will exceed $75,000; and

e. If the Court concludes that the amount in controversy has been satisfied (with or without resolving the contract dispute), the parties may then complete any remaining discovery, including inquiries into any relevant sales and shipments by Leapfrog after June 30, 2000.

3. Leapfrog shall serve and file an answer to the complaint within twenty days of receiving notice that the case file has been received by and the case has been assigned to a judge of the U.S. District Court for the Northern District of California.

Dated: May 3, 2002

**GROSS & BELSKY LLP**

By:____________________________

Terry Gross
Adam C. Belsky
One Maritime Plaza - Suite 1040
San Francisco, CA 94111
(415) 544-0200

**MANSFIELD, TANICK & COHEN, P.A.**
Marshall H. Tanick
Teresa J. Ayling
1560 International Centre
900 Second Avenue South

**[Signatures continued on next page]**

Minneapolis, MN 55402-3383
(612) 339-4295

**ATTORNEYS FOR DEFENDANT LEAPFROG ENTERPRISES**

**BIERSDORF & ASSOCIATES, P.A.**

By: _[signature]_

Dan Biersdorf
E. Kelly Keady
4100 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 339-7242

**ATTORNEYS FOR PLAINTIFF BOE AND ASSOCIATES, LLC**

**IT IS SO ORDERED.**

Dated: May 7, 2002

By: _[signature]_
U.S. District Judge